IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURA J. WHITE,

       Plaintiff,

v.                                                  CIV 07-0274 KBM/WPL

JAMES HOUDF L.C.F.B.I . and
LAURA SAWYER L.C.F.B.I.,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       This matter is before the Court *sua sponte*.  Contemporaneous with this decision, I have granted Plaintiff's application to appear *in forma pauperis*.  I have not authorized service of process, however, because it appears that the complaint must be dismissed for failure to state a federal claim under Section 1983.  *See* U.S.C. § 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that [the action] fails to state a claim on which relief may be granted").

       Plaintiff sues the two F.B.I. officers alleging that they refused to  investigate her allegations that her constitutional rights are being violated in what appears to be a landlord-tenant dispute.  Yet, "[i]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)*.  "The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized

constitutional right." *Smallwood v. McDonald,* 805 F.2d 1036 (6th Cir.1986) (citing *Gomez v. Whitney,* 757 F.2d 1005, 1006 (9th Cir.1985) (per curiam)); *Nelson v. Detroit Police Dep't,* 798 F.2d 470 (6th Cir.1986).

As the Sixth Circuit has observed:

> It is true that law enforcement officials can be liable for their inaction when they fail to perform a statutorily imposed duty to enforce the law equally and fairly. *Smith v. Ross,* 482 F.2d 33, 36 (6th Cir.1973). However, a failure to adequately investigate an incident does not state a claim unless the defendants violate a specific constitutional right of the plaintiff. *Gomez v. Whitney,* 757 F.2d 1005, 1006 (9th Cir.1985). Here [the plaintiff] merely requested an investigation by the FBI, and he alleges that the response was inadequate. On these facts, the district court was correct to conclude that he had failed to state a claim. *Buerger v. Smith,* 779 F.2d 49 (6th Cir.1985). Here too, Plaintiff's complaint is simply that Defendants did not properly investigate and prosecute his complaint. As such, it does not state any cognizable constitutional violation and the Court must dismiss it for failure to state a claim upon which relief can be granted. *See Marks v. City of Warren,* No. 98-74903, 1999 U.S. Dist. LEXIS 17990 (E.D. Mich. Oct. 29, 1999) ("The Plaintiff does not have a life, liberty, or property interest in having the Warren Police Department write down her complaint against another citizen.").

*Cobble v. Maze*, 2006 WL 2375594, *2-3 (W.D.Ky. Aug 15, 2006) (unpublished). The complaint is devoid of any assertion that the F.B.I. agents are treating Plaintiff differently from any other citizen who has requested an investigation based upon similar allegations.

Although this case has been randomly assigned to me to serve as the presiding judge, no consents to proceed before a magistrate judge have been filed. Because dismissal of an action is dispositive, at this stage only a district judge has authority to decide if dismissal is indeed appropriate.

Wherefore,

**IT IS HEREBY RECOMMENDED** that this action be reassigned to a district judge and dismissed for failure to state a viable claim.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE